THE HON. JAMES. L. ROBART

FILED
LODGED          ENTERED
                RECEIVED

APR 17 2009

CLERK  AT SEATTLE
BY  WESTERN U.S. DISTRICT COURT
    DISTRICT OF WASHINGTON
                        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) NO. CR09-107 JLR |
| v. | ) PLEA AGREEMENT |
| JET CITY MORTGAGE, LLC, | ) |
| Defendant. | ) |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, Sarah Y. Vogel, Assistant United States Attorney, and Defendant Jet City Mortgage, LLC ("JCM"), and its attorney, Mark D. Mestel, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.     Waiver of Indictment. Defendant JCM, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

2.     Authorization to Enter into Agreement. Defendant JCM represents that it is authorized to enter into the Plea Agreement. On or before the date of entry and filing of the Plea Agreement, JCM shall provide to the United States a true and correct copy of an appropriate and binding resolution authorizing JCM to enter into this Plea Agreement and to appear at the Rule 11 hearing and enter the plea on behalf of the company, and

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  authorizing Tan My Doan, the majority owner of JCM, to represent JCM in these Court

2  proceedings.

3       3.   The Charges. Defendant JCM, having been advised of the right to have this

4  matter tried before a jury, agrees to waive that right and enter a plea of guilty to the

5  following charges contained in the Information:

6            a.   Conspiracy to Commit Wire Fraud, as charged in Count 1, in

7  violation of Title 18, United States Code, Sections 1343 and 1349.

8            b.   Money Laundering, as charged in Count 2, in violation of Title 18,

9  United States Code, Sections 1957 and 2.

10      By entering this plea of guilty, Defendant hereby waives all objections to the form

11  of the charging document. Defendant further understands that before entering a plea of

12  guilty, Defendant will be placed under oath. Any statement given by Defendant under

13  oath may be used by the United States in a prosecution for perjury or false statement.

14      4.   Elements of the Offense.

15           a.   Count 1:  The elements of the offense of Conspiracy to Commit Wire

16  Fraud, as charged in Count 1, in violation of Title 18, United States Code, Sections 1343

17  and 1349, are as follows:

18           i.   *First*, beginning on or about the middle of 2005, and

19  continuing through the end of 2006, within the Western District of Washington, and

20  elsewhere, there was an agreement between two or more persons to commit the crime of

21  wire fraud, as defined below;[1] and

22           ii.   *Second*, Defendant became a member of the conspiracy

23  knowing of its object, and intending to help accomplish it.

24

25      [1] The elements of the offense of Wire Fraud, in violation of Title 18, United States Code,
    Section 1343, are as follows: *First*, that a person made up a scheme or plan for obtaining money
26  or property by making false statements or promises; *Second,* that person knew the promises or
    statements were false; *Third,* that the promises or statements were material - that is, they would
27  reasonably influence a person to part with money or property; *Fourth,,* that person acted with
    intent to defraud; and *Fifth,* that person used or caused to be used a wire communication in
28  interstate of foreign commerce to carry out an essential part of the scheme.

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 2

1            b.      Count 2:  Money Laundering, as charged in Count 2, in violation of

2 Title 18, United States Code, Sections 1957 and 2:

3                 i.      *First*, on or about November 9, 2006, Defendant knowingly

4 engaged or attempted to engage in, or aided and abetted, a "monetary transaction," that is,

5 a deposit of funds or monetary instrument, specifically a commission check, to or through

6 a financial institution, in and affecting interstate commerce;

7                 ii.      *Second*, Defendant knew the transaction involved criminally

8 derived property;

9                 iii.      *Third*, the property had a value of greater than $10,000;

10                 iv.      *Fourth*, the property was, in fact, profits of a conspiracy to

11 commit wire fraud, as alleged in Count 1 of the Information; and

12                 v.      *Fifth*, the transaction occurred in the United States.

13      5.      The Penalties.  Defendant understands that the statutory penalties for the

14 offenses are as follows:

15            a.      Count 1, Conspiracy to Commit Wire Fraud, in violation of Title 18,

16 United States Code, Sections 1343 and 1349: a fine of up to $250,000, a period of

17 probation of up to 5 years, and a $100 special assessment.

18            b.      Count 2, Money Laundering, as charged in Count 2, in violation of

19 Title 18, United States Code, Sections 1957 and 2: a fine of up to $250,000 or twice the

20 amount of criminally derived property involved in the transaction, a period of probation of

21 up to 5 years, and a $100 special assessment.

22           c.      Defendant understands that in addition to any term of probation

23 and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim

24 of the offense, as required by law.  Defendant further understands that a consequence of

25 pleading guilty may include the forfeiture of certain property either as a part of the

26 sentence imposed by the Court, or as a result of civil judicial or administrative process.

27           d.      Defendant agrees that any monetary penalty the Court imposes,

28 including the special assessment, fine, costs or restitution, is due and payable immediately,

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  and further agrees to submit a completed Financial Statement of Debtor form as requested
2  by the United States Attorney's Office.

3       6.    <u>Rights Waived by Pleading Guilty</u>.  Defendant understands that by pleading
4  guilty, Defendant knowingly and voluntarily waives the following rights:

5            a.    The right to plead not guilty and to persist in a plea of not guilty;

6            b.    The right to a speedy and public trial before a jury of Defendant's
7  peers;

8            c.    The right to the effective assistance of counsel at trial, including, if
9  Defendant could not afford an attorney, the right to have the Court appoint one for
10 Defendant;

11           d.    The right to be presumed innocent until guilt has been established
12 beyond a reasonable doubt at trial;

13           e.    The right to confront and cross-examine witnesses against Defendant
14 at trial;

15           f.    The right to compel or subpoena witnesses to appear on Defendant's
16 behalf at trial;

17           g.    The right to testify or to remain silent at trial, at which trial such
18 silence could not be used against Defendant; and

19           h.    The right to appeal a finding of guilt or any pretrial rulings.

20      7.    <u>United States Sentencing Guidelines</u>.  Defendant understands and
21 acknowledges that, at sentencing, the Court must consider the sentencing range calculated
22 under the United States Sentencing Guidelines, together with the other factors set forth in
23 Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances
24 of the offense; (2) the history and characteristics of the defendant; (3) the need for the
25 sentence to reflect the seriousness of the offense, to promote respect for the law, and to
26 provide just punishment for the offense; (4) the need for the sentence to afford adequate
27 deterrence to criminal conduct; (5) the need for the sentence to protect the public from
28 further crimes of the defendant; (6) the need to provide the defendant with educational and

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   vocational training, medical care, or other correctional treatment in the most effective

2   manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims;

3   and (9) the need to avoid unwarranted sentence disparity among defendants involved in

4   similar conduct who have similar records.  Accordingly, Defendant understands and

5   acknowledges that:

6           a.      The Court will determine Defendant's applicable Sentencing

7   Guidelines range at the time of sentencing;

8           b.      After consideration of the Sentencing Guidelines and the factors in

9   18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

10  maximum term authorized by law;

11          c.      The Court is not bound by any recommendation regarding the

12  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

13  range offered by the parties or the United States Probation Department, or by any

14  stipulations or agreements between the parties in this Plea Agreement; and

15          d.      Defendant may not withdraw a guilty plea solely because of the

16  sentence imposed by the Court.

17      8.      _Ultimate Sentence_.  Defendant acknowledges that no one has promised or

18  guaranteed what sentence the Court will impose.

19      9.      _Statement of Facts_.  The parties agree on the following facts in support of

20  Defendant JCM's guilty pleas.  Defendant JCM admits it is guilty of the charged offenses.

21                          _The Wire Fraud Scheme Generally_

22          a.      "Jet City Mortgage, LLC" (JCM) is a limited liability company first

23  registered with the State of Washington in 2003.  JCM operated at 18119 East Valley

24  Highway SE, Building C-103, Kent, within the Western District of Washington.  JCM was

25  owned and operated by Tan My Doan, majority owner, and Ha-Duyen Thi Le, a/k/a Holly

26  Le, minority owner, who were husband and wife.  Doan was licensed as a mortgage broker

27  and real estate agent by the State of Washington.  Le was not licensed as either a realtor or

28  mortgage broker by the State of Washington.

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1          b.      Beginning in at least May of 2005, and continuing through 2006,
2  JCM knowingly and intentionally agreed and conspired to engage in an unlawful scheme,
3  the object of which was to obtain money and property from mortgage lenders by false
4  pretenses.  Specifically, JCM, Le, and others, including clients of JCM and the owners of
5  three small Seattle-area businesses, conspired to prepare and submit loan application
6  packets containing materially false statements, representations, and omissions relating to
7  employment, income, and other material facts, and supported by false and fraudulent
8  documents and verifications, in order to induce lenders to fund the requested loans.  For
9  the purpose of executing this scheme, JCM transmitted and caused to be transmitted
10  writings, signs, signals, and sounds by means of interstate wire.

11          c.      Specifically, between May of 2005 and November of 2006, JCM
12  prepared one or more mortgage loan application packets on behalf of at least 24 different
13  JCM client-borrowers who wished to purchase real estate in Western Washington, and
14  submitted them to various lenders, primarily located in other states.  In order to persuade
15  the lenders to approve mortgage loans for client-borrowers who would not otherwise
16  qualify, JCM knowingly included in the loan applications statements, representations, and
17  omissions relating to the client-borrower's employment, income, residency history, and
18  other material facts, which JCM knew to be false.  JCM also prepared and submitted to the
19  lenders fake and fraudulent supporting documents, such as W-2's, Form 1099's, pay-stubs,
20  and rental agreements, purporting to verify false statements in the applications.  JCM
21  further conspired with various small business owners, including the owners of "Renton
22  Electronics," "TV City," and "Flowers by Chi," who were paid by JCM and Le to provide
23  false employment verifications to lenders attempting to verify the employment and income
24  statements contained in the applications prepared and submitted by JCM.  JCM, knowing
25  that the application packets contained the false information and supporting documents,
26  then asked the client-borrowers to sign the application packets.  Many of the client-
27  borrowers could not read English and relied entirely upon Le or another JCM agent to
28  explain the documents, and were not aware that they were signing mortgage applications

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   containing false statements. Nor were some of the client-borrowers aware of the fees,

2   commissions, and premiums to JCM that they were contracting to pay when signing. In

3   some cases, Le or someone else at JCM signed their clients' names to various documents

4   without authorization. JCM then submitted the application packets and follow-up

5   documents to the lenders' representatives, in most cases by means of interstate facsimile or

6   e-mail.

7          d.     In reliance upon these fake and fraudulent material statements in the

8   applications, the lenders agreed to loan money to JCM's client-borrowers for the purchase

9   of real estate. The purchase funds were transferred from the lenders' bank account to the

10   bank account of the designated escrow company via interstate wire transfer, and thereafter

11   disbursed as directed to conduct the real estate purchases. As part of each completed

12   purchase, the escrow company also disbursed some of the funds obtained from the lender

13   to JCM as payment of fees, commissions, and yield spread premiums for their brokerage

14   services. In some cases, disbursements also were paid to Tan My Doan, through the real

15   estate brokerage he worked for, as commissions for acting as the buyer's real estate agent

16   in the transaction.

17          e.     The parties agree that there is sufficient evidence to establish at least

18   24 real estate purchases funded with one or more loans fraudulently obtained via interstate

19   wire in the manner described above, during and in furtherance of the conspiracy, each of

20   which involved false material statements as to employment and income and false

21   employment verifications performed by the co-conspirator business owners mentioned

22   above, and each of which resulted in payment of fraudulently-obtained fees, commissions,

23   and premiums to JCM. A summary of these fraudulent transactions is attached to and fully

24   incorporated within this Plea Agreement as Attachment A. As indicated by Attachment A,

25   according to the DEA, at least eight of the houses purchased with fraudulent loans

26   obtained through JCM in this manner were later found to house indoor marijuana growing

27   operations. As of September, 2008, six of these 24 properties were reported as having

28   gone into foreclosure, and five had been sold in a trustee sale in connection with the

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   foreclosure. Additional foreclosures are possible in the future, which may lead to
2   additional lender losses given the reduced market value of many of the houses since they
3   were purchased.

4            f.      As outlined in Attachment A, for the 24 transactions listed, JCM was
5   paid a total of $153,574.96 in fees, commissions, and premiums for its services in securing
6   these fraudulently-obtained loans. In addition, Doan was paid a separate commission for
7   acting as the buyer's real estate agent in ten of these 24 transactions. Escrow documents
8   show that for nine of those transactions, a total of $82,936.23 in realtor commissions was
9   paid to Doan by his brokerage firm.

10            *One Representative Fraudulent Transaction in Furtherance of the Scheme*

11            g.      One representative fraudulent transaction is detailed below, as an
12   example of the nature of all 24 transactions listed in Attachment A.

13            i.      In June of 2005, Chiem Tong walked into JCM's office after
14   having seen an advertisement in a Vietnamese newspaper. He wanted to buy a home in
15   the Seattle area. He met with Ha-Duyen Le, a/k/a Holly Le, at the office, and told her that
16   he had no job, no income, and very few assets. Le assured Tong that he would not need
17   any down-payment, and then proceeded to show Tong various houses for sale. Tong
18   eventually decided upon a home located at 17*** 162nd Ave SE, in Renton, Washington.
19   All of the loan application paperwork was prepared by JCM. At closing, Tong signed
20   some papers, none of which was translated into Vietnamese for him. Tong does not speak
21   English. On or about January 22, 2007, this house was searched by law enforcement
22   authorities, who discovered more than 400 growing marijuana plants.

23            ii.      A review of the purchase documents reveals that Tong paid
24   $300,000 for the home, with 100% financing in two loans, both obtained through JCM:
25   $264,000 in a first mortgage and $66,000 in a second mortgage. The buyer's realtor for
26   this transaction was Tan Doan. The loans both were funded by NB Home Lending, a
27   division of MortgageIT, which was based in California. The application packet submitted
28   by JCM on Tong's behalf contained Tong's forged signature as well as false material

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  facts, representations, and omissions pertaining to Tong's employment, income, assets,
2  and residence history.  For example, the application stated that Tong was employed as a
3  "marketing manager" at "Flowers By Chi" in Federal Way, that he had been so employed
4  for two and a half years, and that he earned $4,790 per month, all of which is false.  The
5  application packet included false and fraudulent supporting documents (e.g., fake Form
6  W-2s from "Flowers by Chi," fake pay stubs, and a fake rental verification).

7              iii.    The application also was supported by a pre-arranged
8  telephonic false employment verification by an accomplice who owns "Flowers by Chi."
9  The owner of "Flowers by Chi" and her husband, the owner of "TV City," subsequently
10  admitted to a federal agent that Tong did not work at Flowers by Chi, and that they had
11  agreed to perform false employment verifications for JCM's client-borrowers in exchange
12  for payments of $300 each.  Bank records show at least eight $300 checks written to these
13  business owners from JCM's corporate account, all signed by Le.

14              iv.    Tong's loan application also stated that Tong owned bank
15  account number 095-***475-5 at Washington Mutual Bank, and that it contained a
16  balance of $54,059.36.  A written and signed verification of the account and balance by a
17  bank employee was found in the loan file.  This too is false.  Bank records show that this
18  bank account was actually owned by "Tan M. Doan and Ha Duyen Le."  The bank
19  employee subsequently admitted to federal agents that she was a personal friend of Le's,
20  and that she performed numerous verifications of bank customers' accounts for JCM's
21  client-borrowers.  The bank employee could not explain why she verified the incorrect
22  information in Tong's application.

23              v.    In reliance upon this application and its material false
24  statements and fake supporting documentation and verifications, NB Home Lending
25  approved and funded Tong's two purchase loans via two interstate wire transfers.  Escrow
26  Authority provided escrow services for the purchase.  Viking Bank records reveal that on
27  June 16, 2005, Escrow Authority's bank account received two incoming wire transfers
28  from "Dbtco Americas NYC," in the amounts of $264,884.50 and $65,738.75 (these

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  figures presumably reflect deductions for wire transfer fees) with the notation indicating
2  they were related to "Chiem Tong." The notation "Dbtco Americas NYC" is a reference
3  to Deutsche Bank's wire room in New York City. This indicates that the wired funds were
4  routed through the state of New York before arriving at Viking Bank's headquarters in the
5  Seattle area. Accordingly, these fraudulently obtained loan funds traveled via wire in
6  interstate commerce.

7         vi.     As a result of brokering these mortgage loans on the purchase
8  of Tong's house at 17*** 162nd Ave SE, Renton WA 98058, JCM received fee and
9  premium checks of $2,640 and $2,447.59 from Escrow Authority. The checks were
10 endorsed on the back by Le, and deposited into JCM, LLC's Washington Mutual Bank
11 business account number 093-***247-3 on June 30, 2005. In addition, Escrow Authority
12 issued a commission payment to Dove Realty of $9,900 in connection with this
13 transaction. On July 1, 2005, a check made payable to Tan Doan from Dove Realty, Inc.,
14 for $9066.50 was deposited into Washington Mutual bank account number 095-***475-5,
15 held by Doan and Le. On this check was a notation indicating it was for the Tong
16 purchase. Hence, the known gross proceeds earned by Le, Doan, and JCM from this
17 single real estate transaction totaled $14,154.09.

18                           *Money Laundering*

19         h.     In November of 2006, a borrower purchased a home located at
20 25*** 15th Pl. S, Des Moines, Washington, using loans obtained through JCM. Tan Doan
21 acted as the borrower's real estate agent. In a manner similar to that described above, this
22 borrower's application packet, submitted by JCM, included false material statements and
23 representations as to his employment and income. Specifically, the application falsely
24 stated that the borrower worked at "Renton Electronics." The owner of "Renton
25 Electronics" had earlier entered into an agreement with Le to provide false telephonic
26 employment verifications for JCM client-borrowers. The owner of "Renton Electronics"
27 subsequently admitted to federal agents that this borrower did not work there, and that
28 "Renton Electronics" performed false employment verifications for JCM's clients. Bank

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  records show that in 2005 the owner of "Renton Electronics" was paid $1,200 in the form
2  of checks written on JCM's business account, signed by Le, and in 2006 she was paid
3  another $1,500 in the form of checks written on an account in the name "Tan M. Doan/A
4  Real Estate," also signed by Le.

5          i.       In reliance upon the false material statements contained within the
6  fraudulent application packet submitted in this case, the lender funded this JCM client-
7  borrower's purchase loan with an interstate wire transfer to Rainier Title & Escrow.  From
8  those funds, Rainier Title & Escrow disbursed a check to JCM for $12,267.25 in
9  commissions and fees for mortgage brokerage services.  On November 9, 2006, within the
10 United States, Ha-Duyen Le endorsed and deposited that check, which she knew
11 represented criminally derived profits in an amount of more than $10,000, generated from
12 the wire fraud scheme described above, into an account number 093-***247-3 in the name
13 of Jet City Mortgage, LLC, at Washington Mutual, a financial institution insured by the
14 FDIC, in and affecting interstate commerce.

15       10.   Loss.  Defendant specifically agrees that some victims of this offense
16 suffered real pecuniary losses as a result of the scheme.  At least six of the loans obtained
17 through this fraudulent scheme have gone into foreclosure as of September, 2008, and
18 other may fall into foreclosure in the near future.  Because of pending and anticipated
19 foreclosure actions, subsequent loan sales, and now-defunct lenders, the exact amount of
20 the loss realized by the lenders as a result of this scheme is difficult to ascertain at this
21 moment.  The parties hereby stipulate that the total amount of the loss does not exceed
22 $400,000, and further stipulate that in the event that the exact loss figure remains uncertain
23 at the time of sentencing, the Court should use Defendant JCM's gain from the offense, as
24 outlined elsewhere in this Plea Agreement, as the appropriate figure for computing base
25 offense level.

26       11.   Restitution.  Defendant shall make restitution to all victims in the full
27 amount of their losses, as determined by the Court at the time of sentencing, with credit for
28 any amounts already paid.  Said amount shall be due and payable immediately and shall be

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   paid in accordance with a schedule of payments as proposed by the United States

2   Probation Office and ordered by the Court.

3       12.   Acceptance of Responsibility.  The United States acknowledges that if

4   Defendant qualifies for an acceptance of responsibility adjustment pursuant to

5   USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, Defendant's total

6   offense level should be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and

7   (b), because Defendant has assisted the United States by timely notifying the authorities of

8   Defendant's intention to plead guilty, thereby permitting the United States to avoid

9   preparing for trial and permitting the Court to allocate its resources efficiently.  If the

10  offense level is less than sixteen (16), Defendant's total offense level should be decreased

11  by two (2) levels pursuant to USSG §§ 3E1.1(a).

12      13.   Interdependence of Plea Agreements.  The parties agree that this Plea

13  Agreement shall be conditioned upon the Court's acceptance of the Plea Agreement in the

14  matter of United States v. Ha-Duyen Le, filed under this same cause number.  Defendant

15  understands, therefore, that this Agreement is part of a package plea agreement with the

16  United States, to wit:  if either Defendant or JCM does not enter into, and plead guilty

17  pursuant to the respective Plea Agreement, or if either Defendant or JCM subsequently

18  seeks to withdraw from the guilty plea, then the United States will withdraw from both

19  Plea Agreements and will seek an indictment against all parties for all crimes for which

20  the United States has sufficient evidence.

21      14.   Mortgage and Real Estate Licenses.  As part of this Plea Agreement,

22  Defendant JCM agrees to cease to engage in the business of mortgage brokering within the

23  State of Washington, and JCM's primary owner and licensee, Tan My Doan, authorized

24  representative of JCM and signor of this Agreement, agrees not to contest the pending

25  administrative revocation of his Washington State mortgage broker, mortgage business,

26  and real estate licenses.

27      15.   Non-Prosecution of Additional Offenses.  As part of this Plea Agreement,

28  the United States Attorney's Office for the Western District of Washington agrees not to

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 12

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    prosecute Defendant JCM or majority owner Tan My Doan for any additional offenses
2    known to it as of the time of this Agreement that are based upon evidence in its possession
3    at this time, or that arise out of the conduct giving rise to this investigation.  In this regard,
4    Defendant and Tan My Doan recognize the United States has agreed not to prosecute all of
5    the criminal charges the evidence establishes were committed by Defendant and Doan
6    solely because of the promises made by Defendant in this Agreement.  Defendant agrees,
7    however, that for purposes of preparing the Presentence Report, the United States
8    Attorney's Office will provide the United States Probation Office with evidence of all
9    conduct committed by Defendant JCM and Tan My Doan.

10          16.    Waiver of Appeal   As part of this Plea Agreement and on the condition that
11   the Court imposes a sentence that is within or below the Sentencing Guidelines range that
12   is determined by the Court at the time of sentencing, Defendant waives to the full extent of
13   the law:

14          a.    any right conferred by Title 18, United States Code, Section 3742 to appeal
15                the sentence, including any restitution order imposed; and

16          b.     any right to bring a collateral attack against the conviction and sentence,
17                including any restitution order imposed, except as it may relate to the
18                effectiveness of legal representation

19          If Defendant breaches this Plea Agreement at any time by appealing the conviction
20   or sentence in any way, the United States may prosecute Defendant for any counts,
21   including those with mandatory minimum sentences, that were dismissed or not charged
22   pursuant to this Plea Agreement.

23          17.    Breach, Waiver, and Post-Plea Conduct.  Defendant agrees that if Defendant
24   breaches this Plea Agreement, the United States may withdraw from this Plea Agreement
25   and Defendant may be prosecuted for all offenses for which the United States has
26   evidence.  Defendant agrees not to oppose any steps taken by the United States to nullify
27   this Plea Agreement, including the filing of a motion to withdraw from the Plea
28   Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 13

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 │ Defendant has waived any objection to the re-institution of any charges in the Indictment
2 │ that were previously dismissed or any additional charges that had not been prosecuted.

3 │      Defendant further understands that if, after the date of this Agreement, Defendant
4 │ should engage in illegal conduct, or conduct that is in violation of Defendant's conditions
5 │ of confinement (examples of which include, but are not limited to: obstruction of justice,
6 │ failure to appear for a court proceeding, criminal conduct while pending sentencing, and
7 │ false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer
8 │ or Court), the United States is free under this Agreement to file additional charges against
9 │ Defendant or to seek a sentence that takes such conduct into consideration. Such a
10 │ sentence could include a sentencing enhancement under the United States Sentencing
11 │ Guidelines or an upward departure from the applicable sentencing guidelines range.

12 │      18.    Voluntariness of Plea. Defendant agrees that Defendant has entered into this
13 │ Plea Agreement freely and voluntarily, and that no threats or promises, other than the
14 │ promises contained in this Plea Agreement, were made to induce Defendant to enter this
15 │ plea of guilty.

16 │      19.    Statute of Limitations. In the event this Agreement is not accepted by the
17 │ Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,
18 │ the statute of limitations shall be deemed to have been tolled from the date of the Plea
19 │ Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by
20 │ the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by
21 │ Defendant is discovered by the United States Attorney's Office.

22 │ //
23 │ //
24 │ //
25 │ //
26 │ //
27 │ //
28 │ //

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 14

1     20.   <u>Completeness of Agreement</u>. The United States and Defendant

2 acknowledge that these terms constitute the entire Plea Agreement between the parties.

3 This Agreement binds only the United States Attorney's Office for the Western District of

4 Washington. It does not bind any other United States Attorney's Office or any other office

5 or agency of the United States, or any state or local prosecutor.

6     Dated this ___17th___ day of ___April___, 2009.

7

8

9                     TAN MY DOAN
                      Authorized Representative of JCM, LLC

10                   Defendant

11

12                   MARK D. MESTEL
                      Attorney for Defendant

13

14                   DOUGLAS B. WHALLEY
                      Assistant United States Attorney

15

16

17                   SARAH Y. VOGEL
                      Assistant United States Attorney

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT/
(Jet City Mortgage, LLC/CR09-107JLR) - 15

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Attachment A
Page 1 of 2

| Property Address | Lenders | Employer on 1003 | Closing Date | JCM Paid | Buyer's Agent | Dove Realty Inc's payments to Doan | Foreclosure | Trustee Sale | Marijuana Grow Seizure Date |
|---|---|---|---|---|---|---|---|---|---|
| 17*** 162nd Ave SE, Renton WA 98058 | Mortgage IT Lending - 1st loan $ 264,000 loan #****9816 2nd $66,000 loan #****9826 | Flowers By Chi | 6/14/2005 | $ 5,087.59 | Tan Doan-Dove Realty | $ 9,066.50 | | | 1/22/2007 |
| 3*** S. Orcas St, Seattle WA 98118 | World Savings- 1st loan $232,000 (loan #******5015) 2nd $29,000 (loan #******5023) | Flowers By Chi | 6/22/2005 | $ 6,060.00 | Cash-Out Refinance | | | | |
| 1*** E. 48th St, Tacoma WA 98404 | NB Home Lending- 1st $180,760 (loan # ****6658) 2nd $45,190 (loan # ****6671) | TV City | 7/20/2005 | $ 3,221.00 | Tan Doan-Dove Realty | | 8/20/2008 | | |
| 10*** 16th Av SW, Seattle, WA 98146 | AMNET - 52k, #***-**1475 on second loan $208k on first loan | TV City | 8/24/2005 | $ 5,697.00 | | | | | |
| 4*** S. 284th Pl, Auburn WA 98031 | Argent Mortgage Company- 1st $288,000 (loan #*********-9053) 2nd $82,000 (loan #******4391) | TV City | 9/1/2005 | $ 8,720.00 | Tan Doan-Dove Realty | $ 8,965.50 | | | |
| 4*** S. Gazelle St, Seattle WA 98118 | Fremont Invest & Loan- 1st $288,000 (loan #*******6535) 2nd $67,000 (loan #******6668) | TV City | 9/13/2005 | $ 6,280.00 | | | 7/24/2006 | 10/27/2006 | |
| 10*** 17th Ave SW, Seattle WA 98146 | World Savings - loan $212,000 (loan #******7921) | Flowers By Chi | 8/23/2005 | $ 6,120.00 | | | | | |
| 11*** 17th Ave SW, Seattle WA 98146 | Sunset Direct Lending- 1st $238,000 (loan #*******3087) 2nd $52,000 (loan #******3088) | TV City | 10/21/2005 | $ 5,710.00 | | | | | |
| 4*** S 137th St., Tukwila, WA 98168 | Mortgage IT Lending- $65,800.00, #****6435 | Renton Electronics | 10/25/2005 | $ 3,595.91 | | | | | |
| 31*** Kent-Black Diamond Rd SE Auburn WA 98002 | Argent Mortgage Company- Loan $289,000 (loan #*********-9503) | TV City | 10/26/2005 | $ 3,500.00 | Tan Doan-Dove Realty | $ 9,271.77 | | | 1/22/2007 |
| 24*** 108th Pl SE, Kent WA 98031 | AMNET- 1st Loan $547,000 (Loan #***-**7769) 2nd Loan $68,000 (Loan #***-**7866) | Renton Electronics | 1/31/2006 | $ 10,065.24 | | | | | |
| 6** SW 132nd St, Burien WA 98146 | AMNET- $240,000 (Loan #***-**0068) | Renton Electronics | 4/28/2006 | $ 2,925.00 | | | | | |
| 2** Taylor Ave NW, Renton WA 98055 | AMNET- 1st $446,000 loan #*****7693 2nd $56,200 loan # 206347944 | Alma TV-Stereo-VCR | 4/28/2006 | $ 10,065.23 | Tan Doan-Dove Realty | $ 8,002.60 | 8/1/2008 | 1/12/2008 | 1/15/2007 |
| 8*** S 113th St, Seattle WA 98178 | AMNET- 1st $319,200 (loan #***-**1557) 2nd $59,850 (loan #***-**1638) | Renton Electronics | 5/2/2006 | $ 9,842.82 | | | | | |
| 2*** S. 152nd St., SeaTac, WA 98188 | Argent Mortgage Co. - 1st $292,980.00 2nd $72,990.00, #'s *************3911 | Renton Electronics | 5/16/2006 | $ 4,890.40 | | | | | |
| 27*** 143rd Pl SE, Kent, WA 98042 | World Savings - 1st 360k, loan #*****3481 2nd loan, 72k, loan #*****13499 | Renton Electronics | 5/24/2006 | $ 5,625.00 | | | | | |
| 11*** 51st Ave S, Seattle WA 98178 | World Savings- $288,000 (Loan #******0537) | Renton Electronics | 7/21/2006 | $ 6,541.00 | | | | | |
| 25*** 126th Pl SE, Kent WA 98031 | Argent Mortgage Company- 1st $268,000 (Loan #*******-9503) 2nd Loan $67,000 (Loan #*******-9503) | Renton Electronics | 7/25/2006 | $ 6,360.00 | Tan Doan-Dove Realty | $ 9,692.40 | | | |
| 13*** 158th Pl SE, Renton WA 98059 | AMNET- 1st $353,950 (Loan #***-**5815) 2nd loan $89,900 (Loan #***-**5858) | Renton Electronics | 8/28/2006 | $ 3,738.52 | Tan Doan-Dove Realty | $ 6,955.33 | | | |
| 28*** SE 221st St, Maple Valley, WA 98038 | New Century - 2nd 121k, 1st 484k, #*******6530 | Renton Electronics | 9/29/2006 | $ 4,840.00 | | | 7/28/2007 | 1/25/2008 | 3/15/2007 |
| 25*** 15th Pl S, Des Moines WA 98198 | AMNET- 1st $312,000 (Loan #***-**2001) 2nd loan $75,000 (Loan # ***-**2175) | Renton Electronics | 11/7/2006 | $ 12,267.25 | Tan Doan-Dove Realty | $ 9,751.30 | | | |

Attachment A
Page 2 of 2

| Property Address | Lenders | Employer on 1003 | Closing Date | JCM Paid | Buyer's Agent | Dove Realty, Inc's payments to Doan | Foreclosure | Trustee Sale | Marijuana Grove Seizure Date |
|---|---|---|---|---|---|---|---|---|---|
| 18*** SE 330th St, Auburn WA 98092 | DB Home Lending - $106,000(Loan #***083) 1st Loan-$424,000(Loan #***082) | Renton Electronics | 11/9/2006 | $ 7,931.00 | | | 9/13/2007 | 12/28/2007 | 3/15/2007 |
| 3*** 26th PL SE, Puyallup WA 98374 | DB Home Lending - 1st $270,400 loan # ****088 2nd $67,600 loan # ****089 | Renton Electronics | 11/30/2006 | 7,271.00 | Tan Doan- Dove Realty | $ 8,323.25 | 6/11/2007 | 9/14/2007 | 1/23/2007 |
| 1*** Valley View Dr, Puyallup, WA 98372 | Db Home Lending - 2nd $87,600. #***701 1st $350,400. #***700 | Renton Electronics | 12/28/2006 | 9,271.00 | Tan Doan- Dove Realty | $ 12,907.50 | | | 3/15/2007 |
| | | | | $ 153,574.96 | | $ 82,936.23 | | | |